UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTOPHER W. FAIRCLOTH, | ) |                          |
|---------------------------|---|--------------------------|
|           Plaintiff,      | ) |                          |
|              vs.          | ) | Case No. 4:19-CV-637 AGF |
| CORIZON, et al.,          | ) |                          |
|           Defendants.     | ) |                          |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Christopher W. Faircloth for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $22.53. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action without prejudice.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits of $112.67. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $22.53, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff, an inmate at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against seven defendants: (1) Corizon (contracted with Missouri Department of Corrections ("MDOC") to provide medical services to FCC inmates); (2) J. Cofield (Director of Operations for MDOC); (3) T. Bredeman (Regional Medical Director for Corizon); (4) Karen Salsman (licensed counselor for Corizon at FCC); (5) Lisa Sanderson (social worker for Corizon at FCC); (6) Matt Strum (Division Director for MDOC); and (7) Unknown McIntyre (mental health Ttch for Corizon at FCC). Plaintiff brings his claims against all defendants in both their individual and official capacities.

Plaintiff alleges that defendants are violating his Fifth and Fourteenth Amendment rights to due process by denying him access, and a copy of, his mental health records. In September of 2018, defendant McIntyre denied plaintiff's request to view and copy his mental health records at FCC. Plaintiff then filed an IRR. Defendant Karen Salsman responded to the IRR, denying the request and explaining that mental health records are not released to inmates while they are in MDOC custody. ECF No. 1-1 at 2. Plaintiff then filed a grievance. Defendant Lisa Sanderson denied the grievance, stating:

> DOC and Corizon policies do allow for offenders to have access to and view their medical records. However, mental health records are not allowed to be on your person while you are in the custody of Department of Corrections … Having such records in your possession may likely lead to safety and security issues for you as well as mental health staff.

ECF No. 1-1 at 3. Plaintiff's appeal of his grievance was denied by defendants J. Cofield and T. Bredeman.

Plaintiff states that he needs his mental health records to use as evidence in his Missouri state court habeas corpus Rule 91 petition. Plaintiff asserts that the records will prove that he was on a "mind-altering substance" because he was taking the "psychotropic medication" of Prozac at the time of his plea agreement. ECF No. 1 at 10 & 14. Plaintiff wants to use this evidence to appeal the length of his sentence in a Rule 91 motion, arguing ineffective assistance of counsel in that his mental illness was not taken into consideration at his sentencing.

Independent review of plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that on October 17, 2018, plaintiff filed a "Writ Summary" which included a "Petitioner for Writ of Habeas Corpus Under Rule 91." *See State v. Faircloth*, Case No. 13RY-CR00145-01 (8th Jud. Cir.) (filed Oct. 17, 2018). In the petition, plaintiff claims:

> Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea. … At the time of entering a plea of guilty, I was on a mind-altering medication (Prozac). This was not put in my plea nor did the judge or prosecution know. However, my lawyer did know.

*Id.* at 6. Also included in plaintiff's October 2018 filing in his criminal case, were documents titled "Declaration" and "State of Missouri Department of Corrections Treatment Plan." In his Declaration, plaintiff explains that he started taking Prozac while incarcerated at Ray County Jail for depression and sexual addition. Plaintiff's MDOC Treatment Plan describes plaintiff as having a history of depression and lists his "PSYCHOTROPIC MEDICATIONS" as "Lamictal and Zoloft."

For relief, plaintiff seeks a declaratory judgment, copies of his mental health records from April 2013 to February 2019, and money damages.

**Discussion**

Liberally construing *pro se* plaintiff's complaint, the Court believes that plaintiff is attempting to assert a due process access to courts claim. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("If the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (quotations and citation omitted). Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minn. v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative"). To state a claim for a violation of this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Here, plaintiff alleges that he needs his mental health records to support his Rule 91 state habeas case, but any injury to his state habeas case from not having the records is only speculative. First, plaintiff's MDOC individual treatment plan (which is already part of plaintiff's state court filing), states that plaintiff is on the psychotropic medication Zoloft. Although, plaintiff seeks to prove he was taking Prozac (not Zoloft), both Zoloft and Prozac are selective serotonin reuptake inhibitors (SSRIs) that treat major depression by influencing the serotonin levels in your brain. *See Healthline: Prozac v. Zoloft: Uses and More*, https://www.healthline.com/health/depression/prozac-zoloft (last visited June 19, 2019). Given that the record does state that plaintiff is on a medication for major depression, plaintiff's lack of mental health records to establish that the medication he was taking was Prozac instead of Zoloft, creates only a speculative injury.[1] Second, the Court has no reason to believe that the state court will doubt plaintiff's assertion that he was on Prozac at the time of sentencing. There is nothing in the record, or in plaintiff's complaint, indicating that the court does not believe this assertion. Third, even if the exact depression medication prescribed to plaintiff is at issue, the state court has the power to subpoena plaintiff's mental health records from MDOC and/or Corizon. For all these reasons, plaintiff has not plead an actual injury, as required for a due process access to courts claim to survive initial review.

Plaintiff also brings his claims against all defendants in their official capacities. In an official-capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."

---

[1] According to institutional responses to plaintiff's grievances, the MDOC/Corizon policy does allow plaintiff access to view his medical records – he just cannot have copies of mental health records while incarcerated. *See* ECF No. 1-1 at 3. As such, presumably plaintiff can request and receive access to his records in order to determine whether he was on Prozac or Zoloft at the time in question.

*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, plaintiff's official-capacity claims against defendants J. Cofield and Matt Strum are actually claims against their employer, Missouri Department of Corrections. Plaintiff's official-capacity claims against defendants T, Bredeman, Karen Salsman, Lisa Sanderson, and Unknown McIntyre, are actually claims against their employer, Corizon Health Services.

In order to prevail on an official-capacity claim against MDOC and Corizon, plaintiff must establish the liability of MDOC and Corizon for the alleged conduct. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *Kelly*, 813 F.3d at 1075. In order to demonstrate such liability, plaintiff must show that the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). In this case, defendants admit in their responses to plaintiff's grievance filings that there is a MDOC/Corizon policy that does not allow inmates to have copies of their mental health records on their person while incarcerated, due to safety and security concerns. However, as discussed above, plaintiff has not alleged sufficient facts to establish that the MDOC/Corizon policy is an unconstitutional violation of his due process rights. Therefore, plaintiff's official-capacity claims also fail.

As a result, the Court finds that plaintiff's complaint fails to state a claim upon which relief may be granted and shall be dismissed under 28 U.S.C. § 1915(e)(2). *See Williams v.*

*Dep't of Corrs.*, 208 F.3d 681, 682 (8th Cir. 2000) (explaining "sua sponte dismissal [is] appropriate ... where [it is] 'patently obvious' that [the] plaintiff cannot prevail on alleged facts, and [an] opportunity to amend would be futile." (citation omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $22.53 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of June, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE